## WILLIAM H. NICHOLS & wife *vs.* MIDDLESEX RAILROAD COMPANY.

If a passenger attempts to alight from a horse-car on a street railroad, without any notice to the servants of the railroad corporation in charge of the car, and without their knowing or being negligent in not knowing that he is doing so, the corporation is not liable, for injuries received by him through a fall occasioned by the sudden starting of the car during his attempt.

TORT against a street railroad corporation for personal injuries alleged to have been sustained by the female plaintiff through the defendants' negligence.

At the trial in the superior court, before *Rockwell,* J., it appeared that on December 31, 1868, Mrs. Nichols was a passenger on one of the defendants' horse-cars going from Boston to Somerville; that, as the car approached the place where she desired to stop, she got up, rang the bell, and went to the rear platform; " and, as she stated in her testimony, that the car then stopped, and while she was in the act of stepping from the car-step to the ground, the car having stopped still, the car suddenly started, and jerked and threw her down, whereby she was injured." There was evidence tending to show that neither the driver nor the conductor knew that she was alighting from the car till after she fell. She testified that the conductor was on the front platform, and that he went there a short time before she pulled the bell. The defendants offered evidence tending to show that she went to the rear platform immediately after pulling the bell, and stepped or jumped off the car before it stopped.

Upon this evidence, the defendants requested the judge to instruct the jury as follows: " 1. That if the plaintiff, under the

circumstances, pulled the bell without notice to the conductor, and while he was on the front platform, and then, without waiting for the car to stop, jumped off the car before it stopped and while it was in motion, she could not recover. 2. That if the plaintiff took upon herself the charge of the car, and, without notice to any one, the conductor then being on the car, she rang the bell, and, without the knowledge of driver or conductor, proceeded to get off, she could not recover. 3. That it was the duty of the plaintiff to have notified some one in charge of the car, if she desired to get off, and if she got off without such notice, or without the knowledge of those in charge of the car, she did so at her peril, and cannot recover."

The judge refused to rule in the terms requested; but instructed the jury "that the burden was upon the plaintiffs to prove that the female plaintiff was in the exercise of due care, and the injury was occasioned by the negligence of the defendants, and solely by their negligence; that, if want of care on her part contributed at all to the injury, the plaintiff could not recover; that a very important question was, whether or not the car had stopped when the injury occurred; that, if this had been a car propelled by steam, and if the female plaintiff had stepped off the car before it had stopped, she could not recover; that, in this case of a horse-car, the question must be left to the jury, to decide, upon the whole evidence, whether or not she was in the exercise of due care, and whether or not the injury was caused solely by the negligence of the defendants." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*L. M. Child*, for the defendants.

*C. Cowley*, for the plaintiff.

MORTON, J. We are of opinion that the defendants' exceptions must be sustained. The negligence of the defendants' servants, of which the plaintiff complained, consisted solely in their starting the car suddenly while she was in the act of getting off, by which she was thrown down and injured. The bill of exceptions states that there was evidence tending to show that the plaintiff pulled the bell and immediately proceeded to get off the car before it had stopped, and that neither the driver nor the con-

ductor knew that she was getting off the car till after she fell. In view of this evidence the defendants asked the court to instruct the jury as follows :

" That if the plaintiff took upon herself the charge of the car, and, without notice to any one, the conductor being then on the car, she rang the bell, and, without the knowledge of driver or conductor, proceeded to get off, she could not recover."

" That it was the duty of the plaintiff to have notified some one in charge of the car, if she desired to get off, and if she got off without such notice, or without the knowledge of those in charge of the car, she did so at her peril, and cannot recover."

We are of opinion that the substance of these instructions should have been given. If the plaintiff attempted to get off the car without any notice to the conductor or driver, and was injured by the sudden starting of the car, such injury cannot be attributed to the negligence of the defendants. The alleged negligence consisted in improperly starting the car when a passenger was getting off ; but if the conductor and driver neither knew, nor were notified, nor had the means of knowing, that a passenger desired to get off, or was in the act of getting off, there was no negligence in starting the horses at a faster gait. Upon the evidence reported in the bill of exceptions, it would be competent for the jury to find that the plaintiff undertook to get off without any notice to the defendants' servants in charge of the car, and without their knowing, or having the means of knowing, that she was getting off ; and we think the defendants had the right to a specific instruction that if they so found the plaintiff could not recover. This is substantially the instruction requested by the defendants, and we think the jury may have been misled by the refusal to give this instruction, and that the general instructions would not correct the effect of this refusal. *Simmons* v. *New Bedford,. Vineyard & Nantucket Steamboat Co.* 100 Mass. 34.

*Exceptions sustained.*