## FRANK H. CRAM *vs.* METROPOLITAN RAILROAD COMPANY.

If the conductor or driver of a horse-car refuses to stop the car when asked by a child six years and a half old, such refusal will not of itself justify the child in leaving the car by getting off the front platform while the car is in full motion.

TORT to recover for personal injuries received in getting off the defendants' horse-car.

It appeared at the trial in this court, before *Morton,* J., that the plaintiff, who at the time of the injury was a child about six and a half years old, was a passenger upon one of the cars of the defendant ; that he was riding, with the knowledge of his mother, unattended ; that he got off the front platform while the car was in motion ; that he fell beneath the wheels, and that his leg was so crushed that it was necessary to amputate it.

According to the testimony of the boy, which was disputed, when the car approached his destination, he went out upon the rear platform and requested the conductor to stop the car. No attention being paid to him, he next passed through the car to the front platform, and asked the driver to stop. The driver also paying no attention to him, he then stepped from the platform, and the damage for which the action was brought resulted.

There was evidence which tended to show that he had been allowed before this to ride unattended in the horse-cars, and that he knew how to get on and off, and how to stop them by speaking to, or otherwise attracting the attention of, those having them in charge.

The defendant, among other requests, asked the court to instruct the jury, " 4. That if the parent of the child was not negligent in permitting him to be out alone and travelling on the horse-cars, and he was accustomed to ride on them, and knew how to stop and start them, and had in fact done so many times before the accident, and reasonably knew that it would be unsafe to get off the cars without stopping them, and that that was the usual and ordinary way of travelling and alighting therefrom, then he cannot recover if he voluntarily got off the car while it was in full motion. Nor, if the conductor or driver refused to stop the

ar when asked by the child, would it be a justification to the child for getting off the car, when in full motion, from the front platform."

The court refused this prayer, except so far as it was included in this instruction, which was given :

" The defendants have introduced a number of witnesses here whose testimony tends to show that the boy got up from the seat which he occupied in the car, without any notice to either driver or conductor, undertook to get off while the car was in motion, and in that way received the injury. Taking the facts, as far as they have been developed by the evidence here, it seems to me that if the boy, as contended on the part of the defendants, did, without any notice, without notifying either the conductor or driver, or without attempting to notify them, leave his seat and get off of the car, there is no proof of negligence on the part of the defendants, or of their conductor or driver, for whose carefulness they are responsible. It is true that the boy was a boy of tender years; but it is equally true, as shown by the testimony in the case, that he got upon the cars, that no mother or other guardian accompanied him ; that no request was ever made of the conductor or driver to take particular, special care of him ; and there appears to be no evidence in the case showing that the attention of the driver or conductor was called to any incapacity of the boy to take care of himself ; so that it seems to me that the driver or conductor was not required to take any unusual or extraordinary care of this boy, — not required to take any greater care of him than of ordinary passengers in his care. If, therefore, the boy being thus situated, you believe, upon the whole evidence, that he got up, and, without giving any notice whatever to the conductor or driver in charge of the car, got off of the car, there is no proof of negligence, there is nothing which can be imputed to the conductor as negligence or carelessness. On the other hand, if you believe the testimony as told to you by the boy, and if you are satisfied from that testimony that he got up, knowing the customs and usages of a car, knowing the way in which to stop it, went to the conductor and asked him to stop, and the conductor, hearing him, wilfully refused, it is clear the conductor was negligent,

for that refusal was an act of negligence; because, as we are all aware, with our common experience in this matter, it is the recognized duty of a conductor to stop his car whenever he is told; or, whenever he receives any signal indicating the wish of a passenger to leave the car, it is his duty to stop; and if he neglects or wilfully refuses to stop, clearly he is guilty of an act of negligence, for which the company would be responsible if any injury results. It is not necessary to enlarge upon this part of the case.

"Suppose, however, you find that this boy was a boy of such capacity that a reasonably prudent mother might trust him to be alone in the streets and to take passage in a car unattended and alone, you are still to inquire whether or not he was, on this occasion, in the exercise of what the law calls 'due care.' And 'due care' is ordinary care; such care as a person, under the same circumstances, would ordinarily exercise. But it would not be right that I should leave this question of law to you upon this bald statement, especially in view of the fact that you have had occasion to try one or two cases where the same rule would apply where the parties were adults, because you might not appreciate the full force of the proposition as I have laid it down to you. It must be ordinary care; but it is not such care as some other person would exercise under the same circumstances; it is such care as a person like this boy would be required to exercise. You are to take into account all the circumstances, weigh his age, his capacity, and then inquire whether or not it would be reasonable to expect a boy of the same age and same capacity to conduct himself in the manner in which this boy did. If he on that occasion exercised that degree of care which, in your judgment, it was reasonable to expect from a lad of his age and his capacity, then there is no carelessness on his part which would prevent his recovering, although you might think that an adult man or woman might have exercised a different degree of care under the same circumstances.

"You are to apply this rule, then, if you come to this branch of the case, in deciding whether or not the plaintiff was in the exercise of due care. Look into the circumstances by which he was surrounded; use your judgment of his capacity, and the

usual capacity of boys of that age, and then say whether he did anything which was unreasonable under the circumstances for him to do. If he did what you would reasonably expect a boy to do in the same circumstances, then there was no carelessness.

" As I have already said to you, it is true that he got off of the forward part of the car, and got off while it was in motion; but I cannot instruct you, as matter of law, as requested, that that was of itself carelessness. Of course, in deciding whether this boy acted as you would naturally expect a boy of his age and capacity to act under such circumstances, you must take into account the fact that he got off of the front platform of the car while in motion; you must take into account his age, his capacity, his experience; the fact, if it be a fact, that he was accustomed to the usages of horse-railroad cars and to travelling in horse-railroad cars ; and then, upon all the testimony and facts in the case, say whether or not you are satisfied that this boy, under the circumstances, was guilty of negligence in thus getting off of the car."

The jury found a verdict of $7500 for the plaintiff, and the defendants alleged exceptions.

*W. Gaston & E. O. Shepard*, for the defendants.

*A. A. Ranney*, for the plaintiff.

GRAY, J. The proposition, stated at the end of the defendants' fourth request for instructions, that if the conductor refused to stop the car, when asked by the child, it would not be a justification to the child for getting off the car, when in full motion, from the front platform, was strictly correct, and applicable to the case. The instructions given did not meet this part of the request otherwise than by instructing the jury that if the conductor, being requested by the boy to stop the car, neglected or wilfully refused to stop it, he was guilty of an act of negligence, for which the company would be responsible, if any injury resulted from it to the plaintiff, himself using due care ; and that if the boy exercised that degree of care, which it was reasonable to expect from a boy of his age, capacity and experience, in getting off the front part of the car while in motion, under the circumstances, there, was no carelessness on his part which would prevent his recovering.

The majority of the court is of opinion that the omission to give more distinctly the instruction prayed for left it open to the jury to infer that the negligent or wilful refusal of the conductor to stop the car, when requested to do so, would of itself justify the plaintiff in getting off the front platform of the car while in motion; and that therefore the

*Exceptions must be sustained.*