EDWARD HAMILTON & others, appellants, *vs.* MIRANDA HAMILTON.

A party appealing from the decree of a court of probate establishing a will and admitting it to probate, is not disqualified from testifying upon his own offer, by chapter 203, § 32, of the General Statutes; the provision therein, that where an executor or administrator is a party to a suit, the other party shall not be so admitted to testify, applying only to cases where an executor is a party as an executor representing the estate.

Where a will was contested on the ground that the testator when he executed it was *non compos mentis,* evidence that he did not keep his buildings in as good repair in the latter part of his life as previously, *held* admissible for the purpose of showing want of capacity on his part.

After the contestants had concluded their evidence, a witness who had been previously called by the proponent of the will and testified to some of the directions of the testator and some circumstances attending the execution of the will, was recalled by the proponent to testify to other circumstances and directions of the same character. The court, on the objection of the contestants, excluded his testimony on the ground that it ought not to be put in by parcels at different stages of the trial. *Held,* that it was properly excluded.

The rule as laid down in *Sarle* v. *Arnold,* 7 R. I. 582, reaffirmed, that "a party is not permitted to stand by and allow what he may deem objectionable instructions to be given to a jury, and await the verdict before excepting. He should call the attention of the court to the objectionable matter at the time, that it may be corrected if erroneous, and if not corrected, the refusal to correct is good ground for exception, otherwise, all exceptions to the charge are deemed to be waived, and cannot be assigned as grounds for new trial.

A person under guardianship as *non compos mentis* is *primâ facie* incapable of making a will.

APPEAL from the probate of the will of Gideon Hamilton. At the trial of the appeal at the March Term, 1873, of the Supreme Court for this county, before Mr. Justice *Durfee* and a jury, a verdict was rendered against the will, whereupon the appellee alleged exceptions to the rulings of the presiding judge, and to his charge to the jury, and moved for a new trial. The exceptions are sufficiently stated in the opinion of the court.

The Attorney General, *Willard Sayles, Esq. & W. H. Greene,* for the appellee, in support of the motion.

*B. N. Lapham & Ripley,* for the appellant, *contra.*

DURFEE, J. This is a petition for a new trial of a probate

appeal involving the validity of the will of the late Gideon Hamilton. On the trial of the appeal the will was contested on the ground that it was procured by undue influence exerted upon the mind of the testator by his wife, and on the ground that the testator, when he executed the will, was *non compos mentis.* The jury returned a verdict against the will. The petition is based upon alleged error in the rulings and charge of the court.

The first allegation of error is that the court permitted the appellants, offering themselves as witnesses in their own behalf, to testify as to matters material to the issue, and this against the objection of the appellee. The appellee contends that the appellants were not entitled to testify, unless called to testify by herself, under the statute, Gen. Stat. chap. 203, § 32. The section enables parties to testify, but provides that, " When an original party to the contract or cause of action is dead, or when an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely."

The same proviso is in the Revised Statutes, chap. 187, § 34. It has therefore been the law of the state since 1857. There have been many severely contested will cases since that time. In these cases the uniform practice has been to permit the contestants to testify on their own offer. The propriety of the practice has been acquiesced in. The latest revisers must have been fully cognizant of the practice. They have nevertheless retained the provision without change. We ought not in such circumstances to adopt a new construction, unless the construction which has so long prevailed is very clearly erroneous.

The objection is that the executor is a party to the suit, and that the statute provides in such a case that the other party cannot be permitted to testify on his own offer. The objection is valid, if the executor is a party to the suit within the meaning of the statute. The statute, Gen. Stat. ch. 172, § 4, directs that every person named as executor of any will shall cause such will to be proved, or file the same in the probate office, and in writing declare his refusal of the executorship. The person named in the will as executor, by proceeding to prove it as directed, becomes

a party to the suit; but it cannot be claimed that previous to the probate, he becomes a party in his capacity as executor. There is then nothing to prevent a contestant from testifying in the court below. Does he become disqualified upon his appeal? If so, it must be by force of the decree admitting the will to probate and appointing an executor. But the operation of this decree is suspended by the appeal, except in so far as it permits the executor, on giving bond, to collect, receive, and take possession of the rights, credits, and estates of the testator. It is not therefore as an executrix that the appellee is a party to this appeal, for she has no capacity as executrix for any purpose except to collect, receive, and take possession of the rights, credits, and estates of the testator. She is a party after the appeal in the same capacity in which she was a party before the appeal.

The court below, instead of admitting the will to probate, might have refused to admit it to probate. In that case an appeal might and doubtless would have been taken by Mrs. Hamilton, but she would not have had any appointment as executrix. In that case, therefore, there could be no ground for refusing to admit the contestants to testify on their own offer. The construction contended for by the appellee leads then to this result. In the court below the contestants are qualified to testify on their own offer; in the appellate court, they are qualified to testify on their own offer, if the appeal be taken from a decree disallowing the will; but if the appeal be taken from a decree approving the will and appointing an executor, who is made party to the appeal, they are disqualified. A construction which leads to such inconsistencies in practice ought not to be adopted if it can be avoided.

In our opinion it is only when an executor is party as an executor representing the estate, that the other party is disqualified from testifying on his own offer. This is as far as the disqualification need be extended to satisfy either the spirit or the letter of the statute. In *Brown* v. *Lewis*, 9 R. I. 497, the plaintiff sued in her capacity as administratrix representing the estate.

A second allegation of error is, that the court admitted testimony on the part of the appellants, that the testator did not keep his buildings in as good repair in the later years of his life

as previously, for the purpose of showing want of capacity on his part. We think the testimony was proper for the jury to consider. A neglect of the proper care which one has been in the habit of giving to the preservation of his property, whether it result from improvidence or parsimony, is a frequent sign of mental enfeeblement or decay. It is at any rate a circumstance, which though in itself it may be slight, may nevertheless have its weight in connection with other circumstances.

The petition for new trial states the third ground as follows : That after the contestants had concluded their evidence in the cause, Mr. James C. Collins, the scrivener and a witness to the will, who had previously been called by the proponent of the will, and testified to some of the directions of the testator and some of the circumstances attending the execution of the will and codicil, was recalled by the proponent to testify further as to the indications of mental capacity of the testator, as shown in the *res gestæ* at the time of the execution of the will, to rebut the evidence produced by the contestants to show his want of capacity. The contestants objected on the ground that the witness, having testified to some matters, could not be recalled to testify to others of the same nature for the purpose of showing capacity in the testator. The objection was sustained by the court. No formal exception was reserved.

The fact that no exception was reserved is in itself a reason for not granting a new trial on this ground ; for if exception had been taken, the objection might have been waived. But was the ruling wrong ? Without doubt it is competent for the proponent of the will to put in the formal proof of its execution and rest. Then, if evidence is adduced impeaching the will, he may offer in rebuttal the testimony of the subscribing and other witnesses. But if in the opening he chooses not to confine the subscribing witnesses to the formal proof, can he be allowed, after having called upon them to testify in part as to other matters in proof of capacity, to recall them in rebuttal to complete their testimony upon the same point. If this course can be pursued with the subscribing witnesses, it can for the same reason be pursued with other witnesses, and the proponent of the will might divide the testimony of all his witnesses, and put in part in the opening and the rest in rebuttal. Clearly this could not be permitted.

We do not mean to say, however, that the court cannot in their discretion depart from the technical order of proofs. This is often done to remedy an inadvertence. The question here is not of discretion, but of strict right. The discretion of the court was not invoked. We cannot grant a new trial on this third ground.

A fourth ground on which the appellee asks a new trial is an alleged error in the charge. It appeared on the trial that on the 30th December, 1868, a decree was made by the Court of Probate of North Providence, putting the testator under guardianship as *non compos mentis*. This decree on appeal was affirmed by the Supreme Court, June 3, 1870. The will was executed June 29, 1869; the codicil August 9, 1871. The court instructed the jury that a person under guardianship as *non compos mentis* was, *primâ facie*, incapable of making a will; that the decrees aforesaid were sufficient to justify them in taking it for granted that the testator was incapable, unless the other testimony satisfied them that he had capacity.

In Massachusetts it is held that a person under guardianship as *non compos mentis* is, *primâ facie*, incapable of making a will. *White* v. *Palmer*, 4 Mass. 147 ; *Stone* v. *Damon*, 12 Mass. 488 ; *Breed* v. *Pratt*, 18 Pick. 115 ; *Crowninshield* v. *Crowninshield*, 2 Gray, 524. And see *Jenks* v. *Smithfield*, 2 R. I. 255. It is not contended that the law of Rhode Island differs in this respect from the law of Massachusetts. The point made by the appellee is, that the will was executed pending the appeal from the decree establishing the guardianship, and that by the appeal the operation of the decree was suspended. The decree was not vacated by the appeal; it was only suspended until affirmed. It is as an adjudication that the decree is *primâ facie* evidence of incapacity. In this light a decree which has been appealed from and affirmed is certainly as strong evidence as a decree from which no appeal has been taken. The fact of incapacity is thus twice adjudicated.

It appears moreover that at the time of the charge the appellee expressed no dissatisfaction with it. It is too late for him now to take advantage of an objection which he then neglected to make. *Sarle* v. *Arnold*, 7 R. I. 582. The petition for a new trial must be denied.                *New trial denied.*