## E. & A. MEYERS *vs.* NICHOLAS C. BRIGGS.

A wagon belonging to E. and A. was placed by them in the hands of B. for sale. Subsequently E. and A. made an assignment for the benefit of their creditors to H. Trover was after this brought for the wagon against B. by "E. and A., trustees for H.": —

*Held*, that the assignment gave good title to H., and that the action was improperly brought in the name of E. and A., trustees.

Exceptions to the judge's charge, not claimed until after the jury has returned its verdict, will be considered as waived.

EXCEPTIONS to the Court of Common Pleas.

This case was an action of trover, originally brought in the justice court of the city of Providence and appealed to the June Term of the Common Pleas, 1874. It appears from the record that the plaintiffs, being copartners, put a wagon into the hands of the defendant for sale, in the summer of 1873. On the 23d of

January, 1874, the plaintiffs executed an assignment of all their property for the benefit of their creditors to one Henry Meyers, who accepted the trust. On the 5th of February, 1874, the defendant sold the wagon, and, as was charged, for a smaller sum. than his instructions allowed.

The judge who tried the case in the Common Pleas instructed the jury that the action was properly brought in the name of A. & E. Meyers, trustees to Henry Meyers. To this the defendant excepted.

*July* 17, 1875. MATTESON, J. It appears by the indorsement signed by counsel on the back of the bill of exceptions that no objections to the instructions of the court, in respect to the matters contained in the first and second exceptions, were made at the trial; and it was admitted by the defendant's attorney at the hearing that these exceptions were not claimed till after the jury had returned their verdict. This being the fact, we must under the rule established by this court in *Sarle* v. *Arnold*, 7 R. I. 582, and affirmed in *Hamilton* v. *Hamilton*, 10 R. I. 538, treat the right to claim the first and second exceptions as waived.

The third exception presents the question, whether or not the action was properly brought in the name of the plaintiffs. This involves the inquiry in whom were the legal title to the wagon, and the right of possession at the time of the sale, which was the alleged conversion.

It was contended on the part of the plaintiffs, that inasmuch as the wagon was not in the possession of the plaintiffs at the making of the assignment, the assignee took merely a chose in action, and did not acquire the title to the wagon itself. We think that the wagon, though not in the actual possession of the plaintiffs at the time of the assignment, may yet be regarded as having been in their constructive possession, since the defendant held it as their bailee and not adversely to them. In *Morgan* v. *Bradley*, 3 Hawks, 559, the owner of a steer having turned it into the woods with other cattle, and supposing it still in the woods, sold it to the plaintiff; but it afterwards appeared that previously to the sale the defendant had taken up the steer under the mistaken belief that it was one of his own raising. The defendant moved for a nonsuit, claiming that the plaintiff obtained by the purchase a mere chose in action, and could not therefore

bring an action in his own name. This motion being denied, the defendant obtained a rule for a new trial, which upon the hearing was discharged, upon the ground that at the time of the sale there was no adverse possession of the steer by the defendant. See also to the same effect, *Carpenter* v. *Hale*, 8 Gray, 157. But even if the wagon was not in the possession of the plaintiffs at the time of the assignment, it has been decided by eminent authority that a sale of personal goods by an owner out of possession is not the sale of a mere right of action, but a sale of the goods themselves, and good to pass the title against every person not holding the same under a *bonâ fide* title for a valuable consideration, without notice. *The Brig Sarah Ann*, 2 Sumn. 206; *Hall* v. *Robinson*, 2 N. Y. 293; *Tome* v. *Dubois*, 6 Wall. 548. We know of no reason why a different rule should be applied to an assignment from that which has been adopted in regard to sales.

We think that the title to the wagon in question, and with it the right of possession, so far as the same was in the plaintiffs, passed under the assignment to Henry Meyers, and that the suit should have been brought by him. We therefore sustain the exception and grant the defendant a new trial.

*Exceptions sustained.*

*Dexter B. Potter*, for plaintiffs.
*B. N. & S. S. Lapham*, for defendant.