JOHN H. MURPHY *vs.* UNION RAILWAY COMPANY.

Suffolk. March 3. — Sept. 3, 1875. MORTON & ENDICOTT, JJ., absent.

If a passenger on a horse railroad car is so intoxicated as to be offensive to the other passengers, the conductor has the right to remove him from the car; and whether it is due care and a proper exercise of this right for the conductor to attempt to remove him, while the car is in motion, is a question of fact for the jury and not of law for the court.

TORT against a street railway corporation for injuries sustained by reason of an attempt on the part of a conductor to eject the plaintiff from one of its cars while in motion.

At the trial in this court, before *Morton*, J., there was evidence tending to show that the plaintiff was a passenger in the car; that he was intoxicated to a degree that rendered him offensive to other passengers, and that the conductor undertook to remove him from the car by pushing him backward from the rear platform thereof while the same was in rapid motion along Leverett Street in Boston; that the plaintiff, in his struggles to prevent being so ejected, thrust his hand through a pane of glass which was over the rear platform of the car, and received thereby the wound which caused the injury complained of.

The defendant introduced evidence tending to show that no attempt was made to eject the plaintiff from the car; that the plaintiff by his own act thrust his arm through the glass before any interference by, or struggle with, the conductor; and that the car was not in motion when the plaintiff left it.

The judge instructed the jury, in substance, that if the plaintiff entered a horse-car of the defendant in a state of intoxication,

and while there misbehaved himself, it was the right and duty of the conductor to eject him from the car, using reasonable and proper force ; or if the conductor had reasonable cause to believe that he would, by his condition or actions, render himself offensive to the other passengers, it was also his right to eject him from the car.

The plaintiff then requested the judge to rule that even if the jury should find that the plaintiff was intoxicated when he entered the car, yet that the conductor would have no right to eject him therefrom while the car was in rapid motion ; but that it was his duty to ring the bell and stop the car before commencing to eject the plaintiff ; and that his failure to do so was negligence which would render the defendant liable. The judge declined to give this instruction ; but upon this branch of the case instructed the jury that it was a question of fact, to be determined by them upon all the evidence, whether it was due care and a proper exercise of the right to remove the plaintiff, for the conductor to attempt to remove him while the car was in motion.

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions to the foregoing ruling and to the refusal to rule as requested.

*E. D. Sohier & W. H. Towne,* for the plaintiff. To push a drunken passenger off the platform of a horse-car while the same is in motion is a want of due care on the part of the carrier, as a matter of law. *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557. *Nichols* v. *Middlesex Railroad,* 106 Mass. 463. *Wilton* v. *Middlesex Railroad,* 107 Mass. 108.

The question has been raised and decided in several other states. Thus in New York it has been held that a horse railroad company cannot eject a passenger while the car is in motion, and is liable for an injury suffered by a passenger who is put off by its servants while the car is in motion, for refusing to pay his fare. *Sanford* v. *Eighth Avenue Railroad,* 23 N. Y. 343. *Higgins* v. *Watervliet Turnpike Co.* 46 N. Y. 23. *Isaacs* v. *Third Avenue Railroad,* 47 N. Y. 122. See also *Pennsylvania Railroad* v. *Vandiver,* 42 Penn. St. 365 ; *Kline* v. *Central Pacific Railroad,* 37 Calif. 400 ; *Meyer* v. *Pacific Railroad,* 40 Misso. 151 ; Shearman & Redfield on Negligence, (3d ed.) § 264 *a.*

*G. A. Somerby & C. E. Hubbard,* for the defendant.

DEVENS, J.  The injury to the plaintiff was not received by being ejected from the defendant's car; according to the evidence in his behalf it occurred by his own act in his struggles to prevent his being ejected therefrom, the car being in rapid motion; while, according to the defendant's evidence, the injury occurred by the reckless act of the plaintiff before any interference by the conductor or struggle with him, the car not being in motion when the plaintiff left.

The general instruction as to the right and duty of the conductor to eject the plaintiff from the horse-car if he entered it in a state of intoxication and there misbehaved himself, or gave reasonable cause to believe that he would misbehave himself, conformed to the decision of this court in *Vinton* v. *Middlesex Railroad*, 11 Allen, 304.

While the ruling which was afterwards requested by the plaintiff need not have been given in the form in which it was asked, yet a ruling as to the right of a conductor to eject a person misbehaving himself from the car when it was in motion was appropriate to the case, and, if that then given was erroneous, there should be a new trial.  This instruction submitted to the jury as a question of fact, to be determined by them upon all the evidence, whether it was due care and a proper exercise of the right to remove the plaintiff, for the conductor to attempt to remove him while the car was in motion.  It left the jury to consider the speed at which the car was moving, if moving at all, when the attempt was made to eject the plaintiff, as one of the elements in determining whether the conductor acted with due care, and recognized that it would not necessarily follow, from the fact that the car was in motion, that the conductor was guilty of a wrongful act.  This was correct.

It is not necessary to consider what should be the rule to be adopted as to steam railroads, as it would by no means follow that the same should be applied to horse railroads.  The motive power by which steam railroads are operated is so different and the difficulty of controlling it so much greater, that it has heretofore been considered that certain acts, such as voluntarily and unnecessarily riding on the platform of the cars, must be deemed acts showing a want of due care in the one case, while similar acts would not necessarily be so in the other.  *Hickey* v. *Boston & Lowell Rail*

*road,* 14 Allen, 429.    *Meesel* v. *Lynn & Boston Railroad,* 8 Allen, 234.    *Maguire* v. *Middlesex Railroad,* 115 Mass. 239.

It would not be impossible that the speed of a horse-car could be so far slackened that an intruder might at a suitable place be ejected with safety ; and if so, it could not be said as matter of law that it would be a wrongful act to attempt to eject a person, who might otherwise lawfully be ejected, merely because the car was in motion.    Whether it would be so or not would be a question of fact, to be determined by the jury in view of the rate of speed at which the car was moving, as well as the other circumstances, and it was thus submitted in the present case.

The two cases from our reports relating to horse railroads, relied on by the plaintiff, do not sustain his position.    In *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557, Chapman, J., in delivering the opinion of the court, recognized it to be the duty of the company in ejecting an intruder, (in that case a child,) to first stop the car or slacken its speed to such a degree that the child, using due care, might leave in safety.    In *Nichols* v. *Middlesex Railroad,* 106 Mass. 463, the court held that when a passenger attempted to alight from a horse-car, while the same was in motion, without the knowledge of or notice to those in charge of the car, or their having the means of such knowledge, and the horses were suddenly started up, by means of which he was injured, he could not recover.    But there is no suggestion that if the speed had been slackened to enable him to leave, and then, as he was leaving the car, the horses were suddenly started up, he could not have recovered because it was actually in motion when he made the attempt.    In leaving without notice, he could not complain that while so doing the defendant's servants managed the car without regard to this fact.

*Exceptions overruled.*