## RACHEL RATHBONE *vs.* THE UNION RAILROAD COMPANY.

13  709
21  269
21  406

The court cannot rule that when a street car had stopped or was about to stop at the signal of an alighting passenger, another passenger who wished to alight at the same time was guilty of negligence as a matter of law in not giving notice of his wish.

When such other passenger, in alighting while the car was stopped, or about stopping, was injured by a fall caused by the acceleration of the car's movement.

*Held*, that the question of his contributory negligence was rightly left to the jury.

DEFENDANT'S petition for a new trial.

*July* 7, 1882. CARPENTER, J. The plaintiff sues for damages for an injury received by her in consequence of the forward movement of a car of the defendant, a corporation running cars drawn by horse power, while she was in the act of alighting therefrom. The evidence for the plaintiff tended to show that the car had been stopped at the request of another passenger, and that while it was so stopped the plaintiff alighted, and while she was in the act of alighting the car was started, and she was thrown to the ground. The evidence for the defendant tended to show that the plaintiff alighted while the car was still in motion at a slow rate of speed, and that the accident was caused by the sudden acceleration of speed. It was proved without denial that the plaintiff gave no notice to the conductor or driver of the car that she desired to alight, and also that the starting of the car, or the acceleration of speed, whichever it was, took place in obedience to the signal of the conductor, given for that purpose, without knowledge on his part that the plaintiff desired to alight.

In this state of proof the defendant requested the court to instruct the jury as follows :

1. That if the plaintiff, without notice to and without the knowledge of the driver or conductor, proceeded to get off the car, she cannot recover.

2. That it was the duty of the plaintiff to have notified some one in charge of the car if she desired to get off, and that if she got off without such notice, or without the knowledge of those in charge of the car, she did so at her peril, and cannot recover.

3. If the plaintiff attempted to get off the car without any notice to the conductor or driver, and was injured by the sudden starting of the car, such injury cannot be attributed to the negligence of the defendants, and the verdict should be for the defence.

4. That if the plaintiff got off the car while in motion, it was negligence on her part, and she cannot recover, it being admitted that she was between fifty and sixty years of age, and that the time was between eleven and twelve o'clock at night.

The court refused the instructions, the jury found for the plain-

tiff, and the defendant now moves for a new trial on the ground of misdirection by the court, and also because the verdict is against the evidence and the weight of the evidence.

We find no error in the instructions. It was the duty of the court to instruct the jury as to what acts or omissions would constitute negligence in the plaintiff under the circumstances of this case. Shearman and Redfield on Negligence, § 11, and cases cited. In this case the car had stopped, or was, apparently, about to stop for the convenience of a passenger, and in response to the signal of the conductor. We cannot say that under such circumstances it was the duty of the plaintiff, as a matter of law, to give notice that she also desired to alight. The stopping or slowing of the car in response to the signal, we think, might fairly be taken as notice by all the passengers, that all who desired to alight might take advantage of the opportunity. The first three requests were, therefore, properly refused.

If the presiding justice had granted the fourth request he would have instructed the jury, in substance, that if they found the plaintiff alighted while the car was moving at a rate of speed however small, although they found that the accident resulted in no wise from the motion then subsisting, but solely from the improper increase of the rate of that motion, nevertheless they must find for the defendant. We think that such instruction would have been erroneous, and that the question of negligence was rightly left to the jury under the instructions given.

We have been referred by the defendant to *Nichols* v. *Middlesex Railroad Company*, 106 Mass. 463, and *Cram* v. *Metropolitan Railroad Company*, 112 Mass. 38. In the first case it appears that the plaintiff pulled the bell, and without the knowledge of the driver or conductor got off the car before it had stopped. In the second case the court held that if the conductor refused to stop the car when asked by the passenger, such refusal would not justify the passenger in alighting from the car, when in full motion, from the front platform. We do not see that the reason of either case applies here.

It follows that neither for misdirection nor because the verdict is against the evidence can there be a new trial, and we find no such preponderance of testimony for the defendant as would jus-

tify us in disturbing the verdict as being against the weight of evidence.                                    *Petition dismissed.*

*Benjamin M. Bosworth & Raymond G. Mowry,* for plaintiff.

*Miner & Roelker,* for defendant.