## SARAH A. COLLIER *vs.* GEORGE F. JENKS.

Under the Judiciary Act, cap. 17, § 3, the plea of the general issue is to be deemed to have been filed and to be a part of the record in a case certified from a district court to the Common Pleas Division on a claim for jury trial, where there was an entry of appearance by the defendant in the district court, (*Conley* v. *Bryant, ante*, p. 4); and hence, upon the trial of the case in the Common Pleas Division the defendant may introduce in defence of the action any evidence which is admissible under the general issue.

Evidence of an agreement or license under which the defendant acted, when offered in defence of an action of trespass, is admissible only under a special plea of justification ; but the omission of the plaintiff to take exception to the admission of such evidence, under a plea of the general issue, at the time

when it is offered, operates as a waiver of the right to take advantage of it afterwards.

Where to an action of trespass *de bonis asportatis* the defendant sets up an agreement or license in justification, the burden of proving the agreement or license rests upon him, and it is error to refuse so to charge the jury, and to charge that the burden of proving the case is upon the plaintiff.

Notwithstanding an error of the court in charging the jury as to the burden of proof, if it appears on a petition for a new trial from the evidence in the case that the verdict was right, that it would probably have been the same had the charge been correct, and that if the verdict had been otherwise it is doubtful if it would be allowed to stand, the error was a harmless one for which a new trial will not be granted.

PLAINTIFF'S petition for a new trial.

This was an action of trespass *de bonis . asportatis* for breaking and entering the plaintiff's close and taking and carrying away and converting to the defendant's use a quantity of manure. The case was originally brought in a district court, and after the decision of the Appellate Division, reported in Index QQ. p. 127, was taken to the Common Pleas Division on a claim for jury trial.

*June* 8, 1896. TILLINGHAST, J. The plaintiff, against whom a verdict was rendered in the Common Pleas Division, now petitions for a new trial, and also for an order directing the entry of judgment for the plaintiff, *non obstante veredicto*, on the grounds, (1) of certain alleged erroneous rulings, charges and refusal to charge the jury; (2) because the verdict is against the evidence; and (3) because no plea of the general issue or of justification was filed by the defendant, and hence that the plaintiff is entitled to judgment upon the record for the value of the property taken in trespass, as claimed by her. We will consider these grounds in the inverse order from that in which they are stated.

And first, then, as to the third point that no plea of the general issue or of justification, was filed by the defendant. In the case of *Conley* v. *Bryant*, recently decided by this court, *ante*, p. 4, we held that under the Judiciary Act, cap. 17, § 3, now Gen. Laws R. I. cap. 237, § 3, the plea of the general issue is to be deemed to be a part of the record in a case which is certified to the Common Pleas Division on a claim for jury trial, where there was an entry of appearance

by the defendant in the district court.  This being the law, then, the defendant in the case at bar had the right to introduce any evidence in defence which could properly be offered under the general issue of not guilty.  He had no right thereunder, however, to introduce evidence showing a permission or license to enter upon the land of the plaintiff to remove the manure in dispute, such evidence being admissible only under a special plea of justification, the general rule being that all matters which confess and avoid, whether alleged by the plaintiff or defendant, must be specially pleaded.  Where the áct complained of therefore would at common law *prima facie* appear to be a trespass, any matter of justification or excuse, or done by virtue of a warrant or authority, falls within this rule.  1 Chitty on Pl. * 500; Greenleaf on Evidence, 13th ed. § 624; *Ruggles* v. *Lesure*, 24 Pick. 187; *Hill* v. *Morey*, 26 Vt. 178.  But, while this is so, the record shows that practically all of the evidence which was introduced by the defendant, and that upon which his only defence rested, was that when he and his wife sold the land on which the alleged trespass was committed, to the plaintiff, he reserved the right to remove said manure therefrom; and the record does not show that any exception was taken by the plaintiff to the admission thereof at the trial.  And the rule is well established, and was recognized in the former opinion in this very case, Index QQ. 128, that neglect or failure to take exception at the time when objectionable evidence is offered operates as a waiver of the right to take advantage of it afterwards.  The plaintiff, therefore, cannot now be heard to object that said evidence was improperly admitted.

The second ground for a new trial, viz., that the verdict was against the evidence, is not relied on by the plaintiff's counsel, and we need not therefore consider the same.

The first ground relied on by the plaintiff for a new trial is the refusal of the court to charge the jury that the burden was upon the defendant to prove the agreement or license set up by him in defence of the action, and the charging by the court that the burden of proving the case was on the

plaintiff. We think the request to charge should have been granted. The burden of proving any fact lies upon the party who substantially asserts the affirmative of the issue. And as stated in 1 Rice on Evidence, § 67, "An unfailing test adopted by the court for ascertaining upon which side the affirmative of an issue really lies is to consider which party would be successful if no evidence at all were given, or, what is substantially the same thing, to examine whether, if the particular allegation to be proved were struck out of the answer or the pleading, there would or would not be a defence to the action or an answer to the previous pleading." Phillips on Evidence, p. 812. As the defendant set up the agreement or license aforesaid as a defence to the plaintiff's action, it devolved upon him to make it out by a preponderance of evidence. See *Atlas Bank* v. *Doyle*, 9 R. I. 76 ; *Douglas* v. *Hennessy*, 15 R. I. 272. An examination of the evidence offered, however, satisfies us that the verdict was right, and that it would doubtless have been for the defendant if the charge had been given as requested. Six apparently credible witnesses, including the defendant, three of whom at least were wholly disinterested, testified with much directness to the making of the contract between the plaintiff and defendant, whereby the latter reserved the right to remove the manure in question, and there was also strong corroboratory testimony to the same effect by other disinterested witnesses ; while the only evidence in support of the plaintiff's claim was her own uncorroborated testimony. And while we are well aware that witnesses are not to be counted simply, in determining as to the weight of the evidence, yet where a single witness, and that one a party to the action, is squarely and fully contradicted by so many apparently credible and disinterested witnesses on the other side, and where the jury, who saw and heard them, have found in favor of the party producing the larger number, it is fair to presume that they must have found that the evidence did strongly preponderate in favor of the defendant. Moreover, if the request to charge as to the burden of proof had been granted, and the jury had found, from the evidence before us, in favor of the

plaintiff, we doubt if the verdict could have been sustained. As the error therefore was, in the circumstances of this case, a harmless one, and did not prejudice the plaintiff, and as the granting of a new trial rests largely in the sound discretion of the court, we are not satisfied that it should be granted, and hence must deny the petition therefor.  See *Goodell* v. *Fairbrother*, 12 R. I. 233.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*John W. Hogan*, for plaintiff.

*John E. Goldsworthy*, for defendant.