The plaintiff was seriously injured while alighting from a passenger train on the defendant's railroad at Westerly, in this State, on the evening of December 6, 1898, and this action was brought to recover damages for the alleged negligence of the defendant, whereby it is claimed the injury was occasioned. At the trial of the case in the Common Pleas Division the jury found in favor of the defendant, and the case is now before us on the plaintiff's petition for a new trial on the ground of certain alleged erroneous rulings of the court during said trial.
The first error alleged is the refusal of the court to allow George F. Wells, a witness called by the plaintiff, to answer the following question, viz.: "Whether or not the station at Westerly was well lighted evenings last fall, before and after this accident?" We think the ruling was correct. It was immaterial whether the station was well lighted at the indefinite times stated in the question, before and after the happening of the accident. The allegation in the declaration is that it was not properly lighted at the time of the accident, and the evidence offered was too remote and indefinite to have any bearing upon that question. Moreover, the evidence fails to show that the condition of the station, with regard to its being well lighted or otherwise, had anything to do with the accident. The testimony of the plaintiff is that when "Westerly" was called she got up and went to the door and opened it and went out upon the platform, when a sudden move of the train threw her off on the right side, *Page 265 
which was the side opposite to the station; that it was "between dark and light" at the time, and that she did not look for or see the station at all. She also testified that the train was at a stand-still, or that she thought it was, when she went out upon the platform and attempted to alight, but the jury have found that the train was in motion at that time.
The second exception taken was to the refusal of the court to permit the witness George F. Wells to answer the following question, viz.: "Whether you have been on that train when, by the way the brakes were put on and taken off, you were deceived and went to the door, thinking the car was still?" This was clearly inadmissible, both as being wholly indefinite as to time, and also that it had relation to other occasions than the one in question.
In support of the admissibility of the testimony offered, the plaintiff's counsel argues that he had a right, as bearing upon the question of the defendant's negligence and also upon that of the contributory negligence of the plaintiff, "to show all the facts connected with and surrounding the accident," namely, that it was dark, that the station was poorly lighted, and that it had been poorly lighted both before and after the accident. His general proposition is doubtless correct. He had the right to show all the facts and circumstances surrounding and connected with the accident. But he had no right to show facts and circumstances connected with other accidents or other occasions, as they were merely res inter alios, and would therefore tend to raise collateral issues, to the inevitable prolongation of the trial and the probable confusion of the jury. Robinson v.Railway Co., 7 Gray, 92; Collins v. Dorchester, 6 Cush. 396; Balto. S. Ry. Co. v. Woodruff, 4 Md. 243; Anderson
v. Taft, 20 R.I. 362; Sullivan v. Salt Lake City, 13 Utah, 122. That which happened at another time and to another person cannot properly be said to be a fact connected with the happening of the accident in question. But the plaintiff's counsel further argues what whether or not a car is in motion is determined by the eye of a passenger, by looking at external objects; and if these cannot be seen, motion cannot be determined by the *Page 266 
eye. That it can only then be determined in the dark, or by a blind man, by the feeling — the jar communicated to the body by the motion. That sometimes the brakes are put on too soon, and when it is discovered that the train will stop short of the station they are taken off, and the result is a smooth glide of the car that is imperceptible by the feeling. He therefore claims that, in view of the allegation in the second count, that the plaintiff supposed the train had stopped, he should be permitted to show that even though the train was in fact in motion when the plaintiff went out upon the platform and attempted to alight, that other passengers at other times had been deceived in the same way, and hence that the evidence offered tended to prove that the plaintiff might, while in the exercise of due care, yet believe the train to have stopped when it had not. But, as already intimated, what other passengers had done or experienced at other times, while traveling on the defendant's railroad, had nothing to do with this case. The evidence must be confined to the time and place and circumstances of the particular injury, and the negligence then and there existing. Parker v. Publishing Co., 69 Me. 173.
In Maguire v. Railroad Co., 115 Mass. 239, which was tort for an injury sustained by plaintiff while passenger in one of defendant's horse-cars, by being thrown from it by the alleged carelessness of the driver, the court held that the admission by the court below of testimony that the driver had been seen on several previous occasions to stop the car suddenly was error, because such a fact could have no legitimate bearing upon the question as to the care or skill exercised at the time in controversy. To the same effect are Aldrich v. Pelham, 1 Gray, 510; Hinckley v. Barnstable, 109 Mass. 126; Whitney
v. Gross, 140 Mass. 232; G.C. Santa Fe Ry. Co. v.Evansich, 61 Tex. 3; and numerous other cases which might be cited. And if acts of the defendant on other occasions cannot be shown as tending to prove negligence at a given time, it would seem to be very clear that acts and experiences of third parties at other times cannot be shown as tending to prove that the plaintiff was *Page 267 
free from negligence at a given time by acting in a given way.
The third exception is to the ruling of the court in permitting the witness Mary H. Card, called by defendant, to state whether she called the attention of her husband to the plaintiff as she was leaving the car. The witness had testified that she was a passenger in the car with plaintiff; that while the train was moving quite fast the plaintiff got up and went out of the car and went off, or down, the steps at the right side, and that the reason witness took particular notice of her was the fact that the train was moving quite fast, and that "she got off so quick." Witness' husband had testified that he noticed that when the station was called plaintiff got right up and went to the door and opened it and went down the steps on the right side of the car, and that she seemed to be in a hurry to get out. It is to be observed that the witness was not asked for any conversation which took place with her husband, but simply as to the fact whether she called his attention to the plaintiff. So that it can hardly be said, we think, that plaintiff's contention that it was hearsay testimony is correct. The truth or falsity of the statement or suggestion made by witness to her husband was not the point in question, but simply the fact that it was made. 1 Greenl. Ev. 13 ed. § 123. But, even conceding that it was hearsay, and that the court erred in admitting it, yet we fail to see that the plaintiff was prejudiced thereby or that it is sufficient ground for a new trial.
The fourth ground relied on in the plaintiff's petition is untenable. The mere fact — if it be a fact — that the court in charging the jury materially misstated the evidence in an important matter is not a ground for a new trial unless the attention of the court is called to the error at the time, so that if a misstatement has been made the court may have an opportunity to correct it. And it is not contended that the attention of the court was called to this matter, or that an exception was taken to the charge in this particular. The plaintiff's neglect to have the error corrected at the time was a waiver of his right to subsequently make objection thereto. *Page 268 Wheeler v. Schroeder, 4 R.I. 383, at p. 394. A party is not allowed to stand by and permit what he may deem objectionable instructions to be given, or incorrect statements of the testimony to be made, and await the verdict of the jury before excepting to the one or calling attention to the other. Sarle
v. Arnold, 7 R.I. 582; Hamilton v. Hamilton, 10 R.I. 538;Meyers v. Briggs, 11 R.I. 180; McCusker v. Mitchell,20 R.I. 13.
The fifth exception is to the refusal of the court to charge the jury "that if the defendant was guilty of negligence in leaving the gate of the platform open, and in consequence the plaintiff was thrown off of the car, she is entitled to recover even if she was thrown off by the ordinary jolting of the car, if she was not guilty of contributory negligence, as already explained." Plaintiff's counsel argues that even if the plaintiff was guilty of negligence, the accident would not have happened but for the negligence of the defendant in leaving the gate of the platform open, citing Prue v. N.Y., P. B. Ry. Co.,18 R.I. 360. We do not think the case at bar falls within the decision of that relied on by plaintiff. In that case there was evidence tending to show that the plaintiff, who was in the act of crossing the track with his team, might have escaped injury from the approaching train if the gate tender had not closed the gates at the crossing, thereby penning the plaintiff in after he got upon the track. And the court held that notwithstanding the plaintiff's negligence in going upon the track while the electric bell was ringing, and without first stopping or looking to ascertain whether a train was approaching, yet if, after seeing the plaintiff's imminent peril, the defendant could by the exercise of reasonable care have avoided causing the injury, it would be liable; and hence that the case should have gone to the jury. The principle upon which that case proceeds is that it is only that negligence on the part of the plaintiff, which bars his recovery, which is the proximate cause of the injury; and that it is not a proximate, but only a remote, cause of the injury when the defendant, notwithstanding the plaintiff's negligence, by the exercise of ordinary *Page 269 
care might have avoided the doing of the injury. In the case at bar the proximate cause of the injury was clearly not the act of the defendant in leaving the gate open on the right side of the platform, if it was left open, which is denied by the conductor, but it was the act of the plaintiff in attempting to alight while the car was in motion. So that, even conceding that the gate on the right side of the platform was open when plaintiff went out, and also that it was negligence on the part of defendant in opening it or allowing it to remain open while the train was in motion, yet, as this was not the proximate cause of the injury, the defendant cannot be held liable. And while it may not be, and probably is not, as contended by plaintiff's counsel, negligenceper se to go out upon the platform, or to alight from a slowly-moving train (Elliot on Railroads, § 1628 and cases cited in note 1 on p. 2548; Doss v. Railroad Co., 21 Amer. Rep. 371; Central Railroad v. Miles, 88 Ala. 256; Swigert v.Hannibal c. Ry. Co., 9 Am. Eng. Ry. Cases, 322; Rathbone v.Railroad Co., 13 R.I. 709), yet it is certainly competent for the jury to find in a given case that either of said acts would constitute negligence on the part of the passenger, and hence be a bar to recovery, notwithstanding the fact that the railroad company was also guilty of negligence in leaving the gate open, or otherwise carelessly managing its train. As to the refusal of the court to charge as requested, we observe that while we fail to see any objection to the request as framed, yet, as the jury have found that the injury to plaintiff was caused by her negligence in attempting to alight from the train while it was in motion, we fail to see that the refusal could have prejudiced her case, and hence it is not a ground for new trial. Goodell v.Fairbrother, 12 R.I. 233; Collier v. Jenks, 19 R.I. 493.
Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.