## I. McDONOUGH *vs.* METROPOLITAN RAILROAD COMPANY.

Suffolk. March 14. — May 10, 1884. FIELD, J., did not sit. DEVENS & COLBURN, JJ., absent.

In an action against a street railway corporation for personal injuries occasioned to the plaintiff, a boy thirteen years and five months old, accustomed to ride in street cars, in attempting to get upon the front platform of the defendant's car while it was in motion, on the Lord's day, but not to travel for any purpose of necessity or charity, the plaintiff's testimony tended to show that, when he saw the car coming, he, with another boy, left the sidewalk where they had been waiting, crossed the street, and stood by the side of the track; that the car stopped less than two car-lengths from the place of the accident, and started with a tow-horse attached; that the grade was rising; that the horses started on a walk, and, at the time the plaintiff attempted to get upon the platform, were just beginning to trot, or going at a slow trot; that, when the car approached the plaintiff, he signalled the driver to stop; that the driver saw him and turned to speak to the tow-boy, who was on the front platform on the opposite side of the car from the plaintiff; that the plaintiff's companion got upon the front platform; that, as the plaintiff was getting upon it, with one foot upon the step and holding to the railing with both hands, the driver and the tow-boy started up the horses, giving the car a jerk by which the plaintiff's foot was thrown off the step, and, after being dragged a few feet, he fell, receiving the

injuries complained of. There was no rule or notice prohibiting the getting on the front platform of the car when in motion. *Held,* that, if the jury found that the driver believed that the plaintiff was getting upon the car, there was sufficient evidence of the defendant's negligence. *Held, also,* that the question whether the plaintiff was in the exercise of due care was for the jury. *Held, also,* that the plaintiff was " travelling," within the Pub. Sts. c. 98, § 3.

TORT for personal injuries occasioned to the plaintiff by the negligence of the defendant. At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. Gaston & E. O. Shepard,* for the defendant.

*S. B. Allen & J. P. Farley, Jr.,* for the plaintiff.

W. ALLEN, J. The plaintiff, a boy of the age of thirteen years and five months, accustomed to ride in horse cars, attempted to get upon the front platform of the defendant's car while it was in motion, and was thrown down and injured; it was upon the Lord's day, and the plaintiff's object in taking the car was to travel upon it, but not for any purpose of necessity or charity. Three questions are presented in the exceptions : whether there was evidence of negligence in the driver of the car which caused the injury; whether there was evidence that the plaintiff was in the exercise of due care; and whether the plaintiff was a passenger upon the car.

1. The evidence of the plaintiff tended to prove that, when he saw the car coming, he, with another boy, left the sidewalk where they had been waiting, crossed the street, and stood by the side of the track; that the car stopped less than two car-lengths from the place of the accident, and started with a " tow-horse " attached; that the grade was rising; that the horses started on a walk, and, at the time the plaintiff attempted to get upon the platform, were just beginning to trot, or going at a slow trot; that, when the car approached the plaintiff, he signalled the driver to stop; that the driver saw him, and turned to speak to the tow-boy, who was on the front platform on the opposite side of the car from the plaintiff; that the plaintiff's companion got upon the front platform; that, as the plaintiff was getting upon it, with one foot upon the step and holding to the railings with both hands, the driver and the tow-boy started

up the horses, giving the car a jerk by which the plaintiff's foot was thrown off the step, and, after being dragged a few feet, he fell and the wheel passed over him.

The argument for the defendant is, that the only inference the jury could draw from this evidence is that the driver properly refused to stop his car on a rising grade, and signified that to the plaintiff, and had no reason to suppose that the plaintiff would attempt to get upon the front platform. But the jury were not bound to draw that inference; on the contrary, they may have believed, from the evidence, that the driver, knowing that the plaintiff intended to get upon the front platform of the car, instead of forbidding it, started up his horses. There was some evidence that not only the signal to the driver, but the position and movements of the plaintiff at the time, indicated to the driver that the plaintiff intended to step upon the front platform. If the jury found that the driver believed that the plaintiff was getting upon the car, there was sufficient evidence of negligence of the defendant.

2. The defendant contends that the fact that the plaintiff attempted to get upon the front platform of the car while it was in motion should be held by the court as conclusive that he was not in the exercise of due care. There is no rule of law that riding or stepping upon the front platform of a horse car when in motion is negligent. See *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234; *Cram* v. *Metropolitan Railroad*, 112 Mass. 38; *Maguire* v. *Middlesex Railroad*, 115 Mass. 239; *Murphy* v. *Union Railway*, 118 Mass. 228; *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351; *Fleck* v. *Union Railway*, 134 Mass. 480.

Whether any particular act of that kind is negligent must depend upon the circumstances attending and characterizing it, and must ordinarily be determined by the judgment of a jury. In this case, where the circumstances are disclosed in the evidence, and there is conflicting testimony in regard to them, and disputed inferences of fact are to be drawn, the court would not be authorized to take the case from the jury, unless the act, as proved by undisputed testimony, is seen to be such that the common judgment of men immediately pronounces it to be negligent.

It does not appear that the act was prohibited by the defendant. There is nothing in the case to show that the defendant did not invite its passengers to enter cars by the front as well as by the rear platform. There was no rule or notice prohibiting it. The platforms were alike fitted for such use, and, as matter of common knowledge, were both used for that purpose, and both occupied by passengers; and the jury might well have found that the public were invited to use both. There was no evidence that passengers were not permitted, and impliedly invited, to get upon the cars when in motion; and such invitation might be implied if cars were commonly used in that way without objection, or if such use were consistent with due care. It is unnecessary to consider what inference in this respect the jury might have drawn, because we think that, upon the whole evidence, the question of the plaintiff's care was for the jury. It is obvious that the mere fact of getting upon the front platform of a horse car when in motion is not, in the common judgment of men, inconsistent with due care. It would not strike the common mind as necessary to stop a car whenever a conductor or a policeman stepped upon the front platform. There is not, as in the case of steam cars, any commonly recognized rule of prudent conduct forbidding the act, but the question of due care must be determined by the circumstances and manner of the act, and is a question for the jury, except in those cases where the facts established by undisputed testimony leave no reasonable question. If any facts which may be found by a jury upon the evidence would present a reasonable question whether the plaintiff was not in the exercise of due care, the facts must be passed on by the jury, and the question answered by them.

In the case at bar, there was evidence of many facts bearing upon the character of the plaintiff's act, upon which a jury must pass. The speed at which the car was moving; what reasonable expectation the plaintiff had that the driver would check the speed of the horses, in consequence of the signal and the conduct of the plaintiff; what inference the plaintiff might have drawn from the fact that the driver made no objection and no reply when the plaintiff signified to him his intention to get upon the front platform; the evidence that there were passengers

upon the front platform, and that the plaintiff's companion got safely upon it; the number of passengers in the car, and upon the rear platform, as the reason testified to by the plaintiff for not attempting to get upon that; the manner in which the plaintiff attempted to get upon the platform; the manner in which the driver and tow-boy started up the horses, and the cause and manner of the plaintiff's fall; the testimony of the plaintiff as to his familiarity with car riding; his testimony that his act was not dangerous because he took care, and that the horses were going so slow that anybody could get on; the testimony of the driver, that there was no difficulty for some people to get on a car going at the rate of four miles an hour, while there was difficulty for others; — these, without referring to other evidence, were matters which it was for the jury to pass upon and consider, to find the facts, and to draw from the facts found the inference of care or negligence of the plaintiff. We think there was evidence which rendered it a proper question for the jury. The first and second requests for instructions were properly refused.*

3. The Pub. Sts. c. 98, § 3, provide that "Whoever travels on the Lord's day, except from necessity or charity, shall be punished by a fine not exceeding ten dollars for each offence. But the provisions of this section shall not constitute a defence to an action against a common carrier of passengers for a tort or injury suffered by a person so travelling." Upon the undisputed evidence, the plaintiff was travelling upon the defendant's car. The length of time he had been upon the car and his position upon it, and the fact that he was changing his position and had not assumed his seat or taken his stand upon the platform, are immaterial. He was on the car, and being carried by it on his journey. The instruction that, if he was there in the

---

* These requests were as follows:

"1. There is no evidence that the plaintiff was exercising due care, and therefore he cannot maintain this action.

"2. Upon the plaintiff's evidence that he attempted to get upon the forward platform of the horse car while in motion at the slow trot of the horses, and after he had observed that his signal for the car to stop was unnoticed and no motion was being made to stop the car, he has failed to show that he exercised due care, and cannot recover."

exercise of due care, he had the rights of a passenger, was correct; and, whether required by the facts or not, was sufficiently favorable to the defendant. The tenth instruction asked was properly refused, and the ninth and the eleventh become immaterial.*                                    *Exceptions overruled.*

---

\* These requests were as follows:

" 9. That the uncontradicted evidence and the only evidence in the case, showing for what purpose the plaintiff was travelling on the Lord's day, is that he was on his way to Dorchester for pleasure; he was therefore travelling on the Lord's day in violation of law.

"10. That, taking the whole evidence most strongly in favor of the plaintiff and against the defendant, it cannot be claimed to show more than that the plaintiff stepped one foot upon the lower step of the forward platform, with the other foot hanging between the step and the ground and holding on to the car with his hands, when immediately his foot was thrown off the step, and holding on with his hands he was dragged a short distance and lost his hold; and that he had a car ticket in his pocket purchased previous to that day; that that evidence fails to show that the plaintiff had become or was a passenger of the defendant at the time of his injury; and that there is no evidence in the case sufficient to show that the plaintiff had become or was a passenger of the defendant at the time of the injury.

" 11. That the injury to the plaintiff happened while he was travelling on the Lord's day, in violation of law, he at that time not being a passenger of the defendant, and therefore he cannot maintain this action."