GEORGE A. BRIGGS *vs.* UNION STREET RAILWAY COMPANY.

Bristol.    October 24, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W: ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Street Railway — Negligence — Due Care in getting upon Car.*

In an action against a street railway corporation for personal injuries occasioned to the plaintiff, in attempting to get upon the rear platform of the defendant's car while it was in motion, there was evidence that he was a man sixty-eight years old, weighing nearly two hundred pounds; that he gave a signal to stop to the driver, who slowed the car; that, while it was moving at the rate of about four miles an hour, he grasped the forward rail on the body of the car with his right hand and the rear rail on the dasher with his left hand and made a spring to get on, but his foot struck·on the edge of the step and slipped off; that as the car started up and increased its speed he made other attempts to jump on; that he then lost his hold upon the forward rail and; grasping the rear rail with both hands, tried for a few seconds to pull himself up to the car; and that finally he let go and was thrown down and was injured. *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury. *Held, also,* that his conduct in attempting to get on the car, if he believed that the driver had not seen his signal, or in seizing the rear rail after losing his hold upon the forward rail, and trying to pull himself up to the car, was not, as matter of law, negligent.

TORT for personal injuries received by the plaintiff in attempting to get on one of the defendant's cars in New Bedford. Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified as follows: " I am sixty-eight years of age. I have ridden considerably on street railway cars. Between four and five o'clock in the afternoon of the 26th of April; 1887, by daylight, I was standing on the south side of the track, close to it, and near enough to the line of the railway to reach the right-hand horse. There was just room enough to pass me; the car was in motion. I wished to enter the car. I gave the driver

who was on the front platform the usual sign, by holding up my hand, that I wanted to get on. As the car passed, I stepped two or three steps towards the rear to get on; the car had slowed up. As I came up, I grabbed the rail with my right hand. I grabbed the forward rail on the rear platform with my right hand and sprung to get on. I caught hold of the rail of the rear platform, and as it moved along I grabbed the rear rail on the dasher with the left hand. As I made the spring to get on, the car started and twitched me. I struck the edge of the step and that threw me. I tried three times to get on, and was finally thrown on the ground. I struck my right foot on the edge of the step and slipped off. When I attempted to get on, the car was going about as fast as some horses will walk, in the neighborhood of four miles an hour."

On cross-examination, the plaintiff testified as follows: "I had previously had trouble with my shoulder. Nine years ago I put it out. When I saw the car coming, I turned and crossed the track ahead of the car and came around on the south side. I signalled with my right hand when the horses' heads were probably within three feet of being square against me. They had not quite got up to me. I was facing west, and the driver was facing east, and the car was bound east. The horses passed me, and as the rear platform came up I turned a little to the north to grab the rail. I grabbed the forward rail on the rear platform first with my right hand. Then with my left hand I grabbed the short rail that connects with the rail on the rear end against which the driver leans. There is a little handle there for a person to take hold of. I grabbed both rails, and then attempted to spring on. The car was moving along with increased speed, and after my three attempts to jump on failed, I gave up my hold with the right hand and grabbed the dasher rail with both hands. I tried to keep up with the car, supposing they would probably slack; but I could not. I had to let go, and lost my hold and was thrown to the ground. I supposed the driver would not go farther than Fairhaven before he would stop, and I kept hold because I was afraid that, if I let go, I should be thrown down under the step. I do not know whether I would have done so or not, but I did not want to fall there at any rate. I probably did not hold on more than three seconds, because the

whole movement of the car was not more than fifteen or twenty feet from the time I grabbed the rail until the car was stopped. I held on, supposing the car would slack up or somebody would see me. I do not know who stopped the car. Nobody was on the rear platform when I attempted to board it. The conductor was inside, collecting fares, as I supposed. They usually collect the fares along there. There was no one on the platform to ring the bell to stop. I weighed at the time from one hundred and ninety to two hundred pounds."

At the close of the evidence, the defendant asked the judge to direct a verdict for the defendant, on the ground that the facts, as testified to by the plaintiff, as matter of law showed that the plaintiff was not in the exercise of due care; but the judge declined so to rule.

The defendant then requested the judge to instruct the jury:

1st. That if the plaintiff, a man of sixty-eight years of age, weighing one hundred and ninety-two pounds, and having an injured shoulder, attempted to get on the car, when it was in motion, by seizing the rail of the rear dasher and trying to pull himself up to the car, after having lost his hold upon the rail attached to the body of the car, and was injured in so doing, he was guilty of negligence, and could not recover.

2d. That if the plaintiff, before making his attempt to get on the car, believed that the driver had not seen his signal, and then made the attempt to get on the car, as described by him, he was not in the exercise of due care, and could not recover.

The judge declined to give these instructions, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Clifford,* (*C. W. Clifford* with him,) for the defendant.

*E. L. Barney,* for the plaintiff.

KNOWLTON, J. The first question in this case is, whether there was any evidence that at the time of the accident the plaintiff was in the exercise of due care. The plaintiff's conduct in its relation to the accident was particularly described in his testimony, and in the absence of any disclosure which, according to generally recognized standards of judgment, plainly showed it to have been negligent, it was for the jury, and not for the judge, to say whether it was reasonably careful. Whether a person riding upon the front or rear platform of a horse car, or

getting on or off at either platform while the car is in motion, is in the exercise of due care, has repeatedly been decided to be a question of fact for a jury. *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239. *Murphy* v. *Union Railway*, 118 Mass. 228. *McDonough* v. *Metropolitan Railroad*, 137 Mass. 210.

In this case the plaintiff testified that he was sixty-eight years old, and weighed from one hundred and ninety to two hundred pounds; that he signalled to the driver that he wanted to get on ; that the car " slowed up," and while " it was going about as fast as some horses will walk, in the neighborhood of four miles an hour," he got hold of the forward rail of the rear platform with his right hand, and of the rear rail on the dasher with his left hand, and made a spring to get on, when his foot struck on the edge of the step and slipped off; that the car had started up and was going at increased speed; and that he made two other attempts to get on, then let go the forward rail with his right hand, and held to the dasher rail with both hands, trying to keep up with the car, until he was thrown down and injured. We cannot hold, as matter of law, that the plaintiff was negligent in trying to get upon the car as he did. It was for the jury to test his conduct by their knowledge and experience, and by their judgment of what men of common prudence would be expected to do under like circumstances.

The court was also requested to instruct the jury, that, if the plaintiff believed the driver had not seen his signal, his attempt to get on the car was negligence. We are of opinion that this instruction was rightly refused. The court cannot say, as matter of law, that an attempt to step upon a horse car which has just " slowed up," and is moving no faster than this is said to have been, is negligence, even if no signal is known to have been given to the driver. Both questions raised by these requests are covered by the decision in *McDonough* v. *Metropolitan Railroad, ubi supra*, a case which was fully considered, and the facts of which were very similar to those of the case at bar.

The only remaining exception relates to the conduct of the plaintiff in seizing the rail of the rear dasher, and trying to pull himself up to the car, after having lost his hold upon the rail attached to the body of the car. But this was apparently a

sudden and perhaps almost involuntary effort of the plaintiff to protect himself, after his foot had slipped off the step and he was in immediate danger of falling. He testified that it all happened very quickly, and that the car stopped within fifteen or twenty feet from the place where he first grasped the rail. One should not be held too strictly for a hasty attempt to avert a suddenly impending danger, even though his effort is ill-judged. This part of the plaintiff's conduct was rightly submitted to the jury.          *Exceptions overruled.*