KARL A. CORLIN vs. WEST END STREET RAILWAY
COMPANY.

Suffolk.    March 5, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, LATHROP, '
& BARKER, JJ.

*Personal Injuries — Street Railway — Electric Car — Contributory Negligence
— Due Care.*

In an action against a street railway company to recover for personal injuries
occasioned to the plaintiff, a man accustomed to getting on and off street cars
in motion, the plaintiff's evidence tended to show that he signalled the driver
of an approaching car propelled by electricity to stop ; that the driver saw him
and made a motion with the motor crank ; that the car seemed to slacken its
speed, and as it was slackening the plaintiff put his right hand on the platform
railing to get on, but the car, which had not come " to a dead stop," shot for-
ward, and he fell to the ground and received the injuries complained of.  *Held*,
that there was evidence for the jury whether the plaintiff was in the exercise
of due care.

TORT, for personal injuries occasioned to the plaintiff while
attempting to get on an electric car of the defendant company
while in motion.   Trial in the Superior Court, before *Thompson*,
J., who allowed a bill of exceptions, which, so far as material to
the point decided, was as follows.

The plaintiff, who was the only witness, testified that he was
thirty-three years of age, and had been accustomed for twelve
years to ride in street cars every day, and to get on to them
and to leave them while in motion ; that about five o'clock in
the afternoon of August 10, 1889, he stood upon the sidewalk of
North Avenue in Cambridge awaiting a street car; that seeing a
car propelled by electricity, to which an open car was attached,
approaching him, he raised his hand to stop the car; that the
driver of the car looked at him and made a motion with the
motor crank ; that it seemed to him that the car slackened its
speed when the driver turned the crank, and that it was "in the
act of slackening " when it reached him ; that as the car came
up to him it had not come to " a dead stop " ; that the plaintiff
then reached out his hand to take hold of the railing of the rear
platform of the motor car so as to get upon that car, but "it was

taken right away with a sudden pull," and he was thrown to the ground and struck by the running-board of the open car, which projected outward some twelve or thirteen inches beyond the line of the motor car, and received the injuries complained of.

At the conclusion of the plaintiff's testimony, the judge, at the defendant's request, ruled that, upon the evidence, the plaintiff was not entitled to recover, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in March, 1891, and afterwards, in June following, was submitted to all the judges, except *Holmes*, J.

*G. H. Ryther*, for the plaintiff.

*M. F. Dickinson, Jr. & S. Williston*, for the defendant.

KNOWLTON, J.   It was admitted by the defendant, at the argument, that there was evidence on which the jury might have found that the defendant was negligent.   The only ground on which it was contended that the ruling of the court should be sustained was the alleged absence of evidence that the plaintiff was in the exercise of due care.   The defendant conceded that the mere fact that the plaintiff was getting on a street car propelled by electricity while it was in motion did not show negligence on his part, but argued that the court should take judicial notice that street cars propelled by electricity often run at a rate of speed which makes it dangerous for passengers to attempt to get upon them, and that the plaintiff failed to show that this car was not so running.   It has often been held that the fact that a horse car is in motion does not make it negligent, as matter of law, for a passenger to attempt to get upon it, although we can imagine cases in which, on account of the rate of speed, or for other reasons, it would be negligence in law for a person of ordinary strength and agility to do so.   *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234.   *Murphy* v. *Union Railway*, 118 Mass. 228.   *McDonough* v. *Metropolitan Railroad*, 137 Mass. 210.   *Briggs* v. *Union Street Railway*, 148 Mass. 72.

There is nothing in the bill of exceptions to show that any different rule should be applied than if the car had been a horse car, moving at the same rate of speed.   It is to be inferred that the car was designed for the transportation of passengers from place to place along the public streets, and was to take them up

and leave them as requested.   There were no platforms or other conveniences for getting on or off along the route, and if there was a rule requiring the car to be stopped to receive and discharge passengers only at designated places, the bill of exceptions does not show it.   On the question whether the plaintiff was using due care, such a rule would be immaterial, unless he knew it, or ought to have known it.   It is probable that the car could be as easily controlled as a horse car, and we see no reason for applying to it a rule of law which is not applicable to horse cars.   The plaintiff described, in a general way, his own conduct, the conduct of the driver, and the motion of the car just before and at the time of the accident.   He did not give in express terms his estimate of the rate of speed at which the car was going.   If a jury could properly have found from his testimony that he was acting as men of ordinary prudence are accustomed to act in getting on the car under the circumstances, the ruling of the court was erroneous.

It has been held that the absence of evidence of the particulars of a plaintiff's conduct is not fatal to his recovery where negligence of the defendant is shown, and where it appears in general that the plaintiff was in the line of his duty, in a place where no particular act of precaution was required, and where it does not appear that he was guilty of any act of negligence. In such a case, it may be inferred that he was ordinarily careful. *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379.

In the present case, the plaintiff testified that, when the car approached him, he signalled to the driver to stop by raising his hand, and that the driver looked straight at him and made a motion with the motor crank; that it seemed to him that the car slackened its speed, and as it was slackening up he put his right hand on the railing to get on, but the car shot forward as he took hold of the railing, and he fell to the ground.   Being asked whether the car had stopped when he put out his hand to get on, he answered, " Not to a dead stop."   There was some evidence tending to show that the speed of the car was diminished just before the plaintiff attempted to get on, and was then suddenly increased ; and we cannot say, as matter of law, that the plaintiff was negligent.   We think it was a question for the jury, on all the evidence, whether he was using such care as ordinary

persons are accustomed to use under like circumstances. There is much to indicate that the car was going too fast to give the plaintiff an opportunity to get upon it safely, and that he ought not to have tried to get on; but in the opinion of a majority of the court, the question presented by his account of the circumstances is one of fact rather than of law, and it should have been submitted to the jury.                          *Exceptions sustained.*