HENRY A. GORDON, administrator, *vs.* WEST END STREET
RAILWAY COMPANY.

SAME *vs.* SAME.

Suffolk.    November 13, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Loss of Life — Street Railway — Unfitness of Servants — Passenger —
Negligence.*

In an action against a street railway corporation under St. 1886, c. 140, for causing
the death of a person who, while in the act of boarding a car, which had
stopped, was thrown to the ground by reason of the conductor starting the car
too quickly, the judge instructed the jury, as requested, that there was no evi-
dence that the deceased lost his life by reason of the unfitness of the defend-
ant's servants, and then added, " except so far as you may think their conduct
on this occasion shows unfitness." *Held,* that the defendant had good ground
of exception.

A person is a passenger if a street car has stopped for him and he is in the act of
getting aboard when the car starts.

If a person first attempts to get upon a street car after it has started, the question
whether he was negligent is for the jury, in an action for injuries caused by
being thrown from the car.

TWO ACTIONS OF TORT, by the administrator of the estate of
James P. Gordon, the first being for personal injuries sustained
by the intestate through the alleged negligence of the defendant;
and the second being under St. 1886, c. 140, for causing his
death as a result of the same accident.    At the trial of the cases
together, before *Bishop,* J., the jury returned a verdict for the
plaintiff in each case; and the defendant alleged exceptions.
The facts appear in the opinion.

*M. F. Dickinson, Jr. & W. B. Farr,* for the defendant.

*H. M. Williams,* (*H. H. Sprague* with him,) for the plaintiff.

HOLMES, C. J.    The first of these actions is brought to recover
damages for personal injuries to the plaintiff's intestate, and the
second to recover the statutory damages for causing his death by
the same accident.    St. 1886, c. 140.    At the trial there was
evidence that the deceased and his wife had stopped an open car
of the defendant's; that his wife got upon it, and that the de-
ceased had got one foot upon the running-board in the act of
getting in when the conductor gave the signal to start, and the

deceased was thrown to the ground. His left thigh-bone was broken, and he afterwards died from his injuries. The case is here on exceptions. It is argued that the testimony which gave the foregoing account of the accident was contradictory and contradicted, and that the case should have been taken from the jury. Of course we have nothing to do with that aspect of the case, so far as it concerns the action for injuries, and we give it no more attention. But the action for the penalty under the statute must be based on the unfitness or gross negligence of the defendant's servants ; and the question whether there was any evidence of either was raised by separate requests for specific rulings as well as by the general request for a ruling that the plaintiff could not recover.

With regard to gross negligence we are not prepared to say that the jury were not warranted in finding it. The conductor must have known that the car had been stopped for the purpose of taking on passengers. It was his business to know whether those who wished to board the car had done so, and had got so far in as to make it safe to start. As a fact he was where he could see. He might be found to have seen also that the deceased was old and feeble, as the witnesses described him, which would give a special reason for care. We cannot say what the jury found to have been the precise position of the deceased when the car was started. But it was possible on the evidence to find that he was just in that unstable equilibrium which would make a start very dangerous for a man of seventy-four, and that the conductor knew it, or recklessly took the chances.

But the judge also was asked to rule in the action under the statute for causing death that there was no evidence that the deceased lost his life by reason of the unfitness of the servants of the defendant. His instruction was that there was no such evidence " except so far as you may think their conduct on this occasion shows unfitness." Very probably he meant no more than what is true, that such evidence tends, as far as it goes, to show unfitness, so that coupled with other competent evidence it might warrant the finding. *Olsen* v. *Andrews*, 168 Mass. 261. But we fear that the jury must have understood that they were warranted in finding unfitness from this evidence alone, which is not the law. It is clear, as a matter of common sense and on

authority, that a single act of starting an electric car too quickly, without more, would not warrant any general inference as to the competence of a conductor. *Peaslee* v. *Fitchburg Railroad,* 152 Mass. 155, 158. ˙ For this reason the exceptions must be sustained.

The judge was right in his ruling as to the deceased being a passenger. He was a passenger if the car had stopped for him and he was in the act of getting aboard when the car started. *Warren* v. *Fitchburg Railroad,* 8 Allen, 227, 232. *Brien* v. *Bennett,* 8 C. & P. 724. *Ganiard* v. *Rochester City & Brighton Railroad,* 50 Hun, 22 ; *S. C.* 121 N. Y. 661. *Smith* v. *St. Paul City Railway,* 32 Minn. 1.

If the plaintiff's intestate first attempted to get upon the car after it had started, the question whether he was negligent was for the jury. *Corlin* v. *West End Street Railway,* 154 Mass. 197.

> *Exceptions overruled in the first case and sustained in the second.*