MAGNOLIA METAL COMPANY *vs.* GEORGE W. GALE.

Suffolk.    March 7, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil*, Exceptions.

An exception will not be sustained to the exclusion of a conversation where it does not appear in the bill of exceptions what the conversation was or in what way the excepting party was injured by its exclusion.

It is right to refuse an instruction where there is no evidence in the case to which it properly can apply.

CONTRACT for an alleged breach of a contract in writing. Writ in the Supreme Judicial Court dated July 15, 1903.

At the first trial of the case before *Braley*, J. the jury returned

a verdict for the plaintiff in the sum of $23,418.01, and an exception of the defendant in regard to the assessment of damages was sustained by this court in a decision reported in 189 Mass. 124. A new trial was granted upon the matter of damages only. At this trial before *Barker*, J. the jury on September 28, 1905, returned a verdict for the plaintiff in the sum of $25,346.60. The defendant alleged exceptions, which after the death of *Barker*, J. were allowed by *Lathrop*, J., the bill of exceptions having been agreed upon by the parties.

*G. F. Piper*, for the defendant.

*A. S. Bacon* (of New York) & *G. F. Ordway*, for the plaintiff.

KNOWLTON, C. J. The trial in which these exceptions were taken was confined to an assessment of damages. The first exception is to the exclusion of the testimony of a witness called by the defendant, who said that he was formerly employed by the plaintiff, and that, in the beginning, he had some conversation with the plaintiff's managing agent in regard to the sale of Magnolia metal. He was asked to state the conversation, and upon objection by the plaintiff the question was excluded. There is nothing in the bill of exceptions to indicate what the conversation was, or that there was anything in it which would have been favorable to the defendant in the trial of the case. The record calls for the application of the familiar rule that an exception cannot be sustained, unless it appears, not only that the ruling objected to was erroneous, but also that the plaintiff was injured thereby. *Mosseau* v. *Landy*, 177 Mass. 104. *Commonwealth* v. *Smith*, 163 Mass. 411, 429.

The only other exception argued is to the refusal of the judge to instruct the jury that, "in estimating the damages sustained by the plaintiff a reasonable deduction should be made for the less time engaged and the release from care, trouble, risk and responsibility attending the full execution of the contract by the plaintiff." So far as there was any saving of expense to the plaintiff from the less time engaged, the consideration of that was covered by the instruction given, in accordance with the decision in *Magnolia Metal Co.* v. *Gale*, 189 Mass. 124, that the defendant "is entitled to have deducted from the gross profit which would have accrued to the plaintiff under the contract the expenses which the plaintiff would have been subjected to in

carrying out the provisions of the contract on its part during the period that the contract would have been in force if there had been no breach."

As to the part of the instruction requested which relates to the "release from care, trouble, risk and responsibility attending the full execution of the contract," there was no evidence in the case which would have justified such an instruction. If the contract had been of a kind in which these matters could have been considered as elements of damage, the plaintiff well might have contended, upon the evidence, that its care, trouble, risk and responsibility were greatly increased by the continuous wrongful conduct of the defendant and his associates in breaking the contract.

*Exceptions overruled.*