HANNAH E. RAND *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 4, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Street railway.

At the trial of an action brought by an aged woman against a street railway company to recover for injuries alleged to have been received by her through being thrown from a closed car of the defendant by its being suddenly started while, as a passenger, she was on the lowest step of the front platform attempting to enter the car, there was evidence tending to show that the plaintiff, having received a transfer from another car, was attempting to board the car from which she was thrown at a transfer station in order to complete her journey, that, after the car stopped, passengers alighted from, and other passengers were waiting to get on at, both the front and rear platforms, that she tried to enter the car at the front platform because it was nearer to her, and succeeded in getting on to the lowest step, where she was waiting, holding on to the " grab irons," until passen-

gers in front of her should get out of the way so that she could reach the plat-
form and enter the car, when the car started with a jerk and she was thrown
to the ground. *Held,* that there was evidence tending to show that the plaintiff
was in the exercise of due care and that the defendant's employees were negli-
gent; and, *also,* that the plaintiff did not as a matter of law assume the risk of
injury attending a position such as she occupied, since, under the circumstances,
she had a right to rely on the assumption that the car would not be operated
carelessly.

Tort for personal injuries received by the plaintiff from being
thrown from a street car of the defendant because of its starting
suddenly while she was on the step of the front platform.  Writ
in the Superior Court for the county of Suffolk dated May 16,
1905.

The declaration alleged that the plaintiff was a passenger
upon the car of the defendant from which she was thrown.  The
fact was not denied by the defendant at the trial, which was
before *Dana,* J., and, in his charge to the jury, he stated, with-
out objection on the part of the defendant: "The plaintiff in
this case has the rights of a passenger of a street railway com-
pany and the defendant, being a street railway company, has the
obligations of a common carrier."

It also appeared that, after the car from which the plaintiff
was thrown stopped, "passengers alighted from, and other pas-
sengers were waiting to get on at both the front and rear ends."

Other facts are stated in the opinion.

At the close of the evidence, the defendant requested the
following rulings :

"1.  Upon all the evidence in the case, the plaintiff is not en-
titled to recover."

"3.  Under the circumstances existing at the moment when
the conductor gave the signal to start the car, he was warranted
in giving the signal, and it was not negligence or carelessness
on his part to do so."

"6.  There is no evidence in the case that the injuries sus-
tained by the plaintiff were caused by the carelessness or negli-
gence of the motorman of the car.

"7.  If the jury should find that, after the motorman received
the signal from the conductor, he looked to the right and saw
no one on the step or in the act of boarding the car, and that he
was prevented from so seeing by reason of passengers standing

between him and the step of the car, then they also must find that there was no negligence on the part of the motorman.

" 8. Upon all the evidence there was no unusual or unnecessary jolt or jerk in the starting of the car."

The presiding judge refused to rule as requested and charged the jury in accordance with the law as stated in the opinion. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*R. A. Stewart*, (*H. J. Hart* with him,) for the defendant.

*J. C. Burke*, (*E. T. McGettrick* with him,) for the plaintiff.

BRALEY, J.  It must be taken as settled that a street railway company, as a common carrier, while not an insurer of the safety of passengers, is held to a high degree of care, and that, after a car has been stopped for those who desire to take passage, they should be allowed a sufficient time to get aboard safely before the car is started. *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507. *Millmore* v. *Boston Elevated Railway*, 194 Mass. 323. *Marshall* v. *Boston & Worcester Street Railway*, 195 Mass. 284. If the platform becomes crowded, or there are a number of passengers to get on, more time might be necessary than where the number is small or ingress is unobstructed. *Jacobs* v. *West End Street Railway*, 178 Mass. 116. What constitutes a reasonable time depends upon the circumstances of each case and ordinarily is a question of fact for the jury.

The plaintiff, an aged woman, was on her way home, and, in making the transit, having left the car on which she began the journey, received a transfer to another car, on which it was to be completed. The jury could find upon her evidence, which was corroborated by other witnesses, that, at the time of the accident, the car having come to a stop at the usual point where passengers were taken on, she, being nearer to the front than to the rear platform, got on the first step, and that, while she was holding on to the grab arm of the dasher, the car suddenly started, causing her to be thrown into the street where she fell and received the injuries for which damages are sought. Evidence in explanation of her conduct tended to show that she remained on the step because other passengers who were ahead stood on the platform and, until they entered or stepped aside, she was obliged to wait before either passing to the platform or

entering the car. Having been accepted as a passenger, the plaintiff was entitled to a reasonable opportunity to board the car, and it was the duty of the conductor to use reasonable diligence to ascertain if passengers were safely on before giving the signal to go ahead. *Gordon* v. *West End Street Railway*, 175 Mass. 181. *Davey* v. *Greenfield & Turner's Falls Street Railway*, 177 Mass. 106. While the conductor testified that, before giving the signal, he looked along that side and neither saw the plaintiff boarding the car, nor any person taking a position which indicated an intention to become a passenger, and the motorman said he did not see the plaintiff at any time previous to the accident, the jury were not compelled to believe them, but could accept the testimony of the plaintiff's witnesses as being the more probable explanation of what happened. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314, and cases cited. If they did accept the plaintiff's evidence as true, there was ample proof of the careless conduct of the defendant's servants, for whose negligence it would be responsible.

It is urged that, by attempting to board a car whose platform was more or less crowded, the plaintiff voluntarily exposed herself to the peril of riding, even if temporarily, on the step. But from her age and description of the accident, the jury well could find that her purpose was to advance to the platform and pass into the car as soon as she could conveniently, and not to remain in a position of discomfort or possible danger. The plaintiff had the right to rely on the presumption that the car would not be operated carelessly, and very plainly it could not have been ruled as matter of law that she anticipated, and voluntarily took the chance of receiving personal injuries which would not occur unless the defendant's servants failed to perform their duty. See. *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507. *Jacobs* v. *West End Street Railway*, 178 Mass. 116. The first, third, sixth and seventh requests were inappropriate, and the instructions given upon the questions raised correctly stated the law. *McDonough* v. *Metropolitan Railroad*, 137 Mass. 210. *Briggs* v. *Union Street Railway*, 148 Mass. 72. *Corlin* v. *West End Street Railway*, 154 Mass. 197. *Block* v. *Worcester*, 186 Mass. 526, 528.

The eighth request, also being inapplicable, was rightly de-

nied.   In the management of passenger cars, whatever may be the motive power, it is matter of common knowledge, that not only jolts or lateral movements may occur as the car passes over the track without any defect existing in the car itself or the roadbed, but a car operated by electricity, after coming to a stop, upon the current being applied, may jerk or spring forward.   If the plaintiff, after reaching the platform, and choosing to ride there, or upon going inside, had been overthrown or jostled by the ordinary jolt or lurch incidental to getting under way, and nothing more, there would have been no evidence of the defendant's negligence.   *Byron* v. *Lynn & Boston Street Railway*, 177 Mass. 303.   But if, after transportation has begun, this occasional inconvenience or annoyance, which sometimes causes physical suffering, is assumed by travellers unless it arises from a defect either in the car or in the track or from excessive speed, the risk of injury from prematurely putting a car in motion while a passenger is getting on is not assumed.   *Millmore* v. *Boston Elevated Railway*, *ubi supra.*

There having been evidence of the due care of the plaintiff and of negligence of the defendant, there is no reason why the verdict in her favor should be disturbed.

*Exceptions overruled.*