MEYER LAUCHTAMACHER *vs*. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 22, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Street railway.   *Carrier*, Of passengers.

If an open street railway car has been stopped momentarily on a highway to allow a team to pass, and not for the purpose of taking on passengers, and if a man, unseen by the motorman or the conductor of the car, takes hold of the car and places his right foot on the running board, he has not become a passenger, and the conductor owes him no duty to refrain from starting the car until he is safely upon it.

TORT for personal injuries sustained on August 2, 1907, when the plaintiff was attempting to board an open electric street car of the defendant on Washington Street near Forest Hills Square in Boston.   Writ dated November 15, 1907.

In the Superior Court the case was tried before *Jenney*, J.

The facts as disclosed by the plaintiff's evidence are stated in the opinion. At the close of the plaintiff's evidence the judge ruled that the plaintiff could not recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. Greenhood,* for the plaintiff.

*E. B. Bishop,* for the defendant.

BRALEY, J.    The evidence under the most favorable interpretation would not have warranted the jury in finding that the plaintiff had become a passenger. It was undisputed, that the car had been momentarily stopped not for the reception of passengers, but to await the passage of a team, and until the plaintiff reached and attempted to board the car, there was no outward manifestation of his intention to become a passenger. If as in *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, the conductor had seen the plaintiff while coming to the car, or in his attempt to get on by taking hold of the car and placing his right foot on the running board, and either expressly or by implication had assented, there would have been evidence of a contract for transportation, and the question of the plaintiff's due care and of the defendant's negligence would have been for the jury. *Rand* v. *Boston Elevated Railway,* 198 Mass. 569.    *Gordon* v. *West End Street Railway,* 175 Mass. 181.    *Davey* v. *Greenfield & Turner's Falls Street Railway,* 177 Mass. 106.    But as there was no proof whatever, that the conductor was aware of the plaintiff's presence, the starting of the car was not in violation of any duty owed to the plaintiff, and the verdict for the defendant was rightly ordered.    *Robertson* v. *Boston & Northern Street Railway,* 190 Mass. 108.    *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162, 170.

*Exceptions overruled.*