WALLACE A. KENDALL *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 29, 1919. — November 24, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Waiver by remark of counsel. *Waiver. Negligence,* Street railway. *Carrier,* Of passengers. *Passenger.*

A remark of counsel for a defendant at a trial, "Quite right," made at the close of an instruction in the judge's charge stating the plaintiff's contention and the judge's understanding that, if the jury found the facts to be as contended by the plaintiff, the defendant did not contend that the plaintiff was not entitled to recover, where it appears that the defendant's contention, supported by his

evidence, was that the facts were different from those contended by the plaintiff to exist, does not preclude the defendant from relying in this court upon an exception, already saved at the time of the remark, to a denial by the judge at the close of the evidence of a motion by the defendant for a verdict in his favor. At the trial of an action against a street railway company for personal injuries alleged to have been received by the plaintiff by reason of his being thrown to the ground by the starting of a car of the defendant as he was attempting to board it, the evidence of the plaintiff tended to show that the car was an open car with reversible seats running across it, that, the motorman already having left the car, it was run to a terminus by the conductor, that, after it had come to a stop at the terminus from which it was to return over the track upon which it had arrived but before the trolley was changed or the seats were reversed and before the motorman had returned to the car, the plaintiff attempted to board it and that, as he was doing so, the car was started and the plaintiff was thrown to the ground. The defendant's evidence tended to show that the plaintiff attempted to board the car before it reached the terminus and while it was in motion, and the conductor testified in direct examination that the plaintiff had crossed the track directly in front of the car to its right hand side and had tried to board it as it passed him. In cross-examination he testified that he thought that the plaintiff had crossed the track for the purpose of taking the car and was going to walk down to the terminus to do so. *Held,* that the jury would have been warranted in finding that the conductor not only saw the plaintiff but knew he was going to take the car and made no objection either verbally or otherwise; and that it could not have been ruled as matter of law that there was nothing to show an implied invitation to the plaintiff to become a passenger.

TORT for personal injuries alleged to have been received by reason of the plaintiff being thrown to the ground by the starting, as he was attempting to board it, of an electric street car of the defendant.   Writ dated September 10, 1917.

In the Superior Court the action was tried before *Keating,* J. The testimony of the defendant's conductor in cross-examination, referred to in the opinion, was as follows:

"Q. What did you think Mr. Kendall came across the street front of your car for?   A. As a rule when they are waiting there for a car they walk from where they are standing down to the terminal to get on, on account of having to lay off there they get any seat in the car — obtain their seats. — Q. You mean that is what you thought he was going to do when he came across. I asked you if you thought Mr. Kendall crossed the street there to take your car?   A. That is what I thought he was going to do. — Q. You thought he was going to walk down to this terminus and take the car?   A. Yes."

It appeared that the street car was an open car with reversi-

ble seats running across it.   Other material evidence is described in the opinion.

At the close of the evidence the defendant moved that a verdict be ordered in its favor.   The motion was denied.   After the judge had given the instruction quoted in the third paragraph of the opinion, the defendant's counsel said, "Quite right."   The judge then, continuing his charge, stated the contention of the defendant upon its evidence to be as described in the opinion, and said: "If you find that the accident occurred in the manner and in the place in which the defendant contends it occurred, then the plaintiff cannot recover."

The jury found for the plaintiff in the sum of $900; and the defendant alleged exceptions.

*C. C. Milton*, for the defendant.

*C. H. Wood*, for the plaintiff.

CROSBY, J.   The injuries for which the plaintiff seeks to recover were received while he was attempting to board an electric car of the defendant, in the city of Worcester, to go to his home in Framingham.   The jury took a view of the place where the plaintiff was injured.   The defendant maintained three tracks in Salem Square, one of which was called the "third track" and was a terminus for the cars on that route.

The plaintiff testified that he first saw the car when it was on Franklin Street, and that when it came around the corner of that street into the square, he saw the motorman alight and cross the street, that thereafter the conductor operated the car until the third track was reached; that he (the plaintiff) crossed the square and tracks to the third track; that the car stopped when he was about opposite the third or fourth seat from what was then the front end of the car; that he took hold of the handle bar and put his foot on the running board and the car "gave a sudden lurch," breaking his hold, and he fell to the ground.   Upon the evidence most favorable to the plaintiff, the jury could have found that the place where he attempted to board the car was its terminus, and that the car had come to a full stop and afterwards started before he had a reasonable opportunity to get on.

The defendant contended and offered evidence to show that the plaintiff attempted to board the car while it was in motion, and before it had reached the terminus of the route; an examina-

tion of the record makes it apparent that the case was tried upon the assumption that the defendant so contended. The defendant's counsel assented to that part of the judge's charge in which he stated to the jury, "if you find that the car stopped at a regular stopping place at which the defendant takes on passengers and that the plaintiff took hold of a part of the car for the purpose of boarding it and that while he was in that position the car started you would be warranted in finding under those circumstances that he was a passenger, and if the accident occurred in that way I do not understand the counsel for the defendant to contend that the plaintiff would not be entitled to recover." Having seasonably excepted to the refusal of the court to direct a verdict for the defendant, the assent of its counsel to the portion of the charge quoted is not decisive and will not preclude it from the benefit of its exception. Accordingly, if upon all the evidence the court should have directed a verdict for the defendant, the exception must be sustained.

Whether upon the evidence the jury were warranted in finding that there was an implied invitation on the part of the defendant to the plaintiff to become a passenger presents a question of difficulty. Although it could have been found that the plaintiff was injured while attempting to board the car after it had come to a stop at its terminus, there was evidence that he attempted to board it immediately after it had come to a stop, before the trolley had been shifted or the seats turned over, and before the motorman had returned to the car. We are of opinion that upon all the evidence it could not have been ruled as matter of law that there was nothing to show an implied invitation to the plaintiff to become a passenger.

The conductor who operated the car after it came into Salem Square testified that he first saw the plaintiff standing near the drinking fountain, shown on the plan; that he (the plaintiff) "started as the car was swinging around; he started sort of in a southwesterly direction to the other side of the second rail," and walked directly in front of the car to the easterly side of the easterly track; that as the car passed the plaintiff he tried to grab the third handle from the front end but missed it and fell down. On cross-examination, this witness testified that he thought the plaintiff crossed the street for the purpose of taking

the car and was going to walk down to the terminus to do so. The jury could have found that the conductor not only saw the plaintiff but knew he was going to take the car and made no obecjtion thereto, either verbally or otherwise. A majority of the court are of opinion that it could not have been ruled as matter of law that the plaintiff was not a passenger, but that it was a question of fact for the jury to determine. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537. See *Lauchtamacher* v. *Boston Elevated Railway,* 214 Mass. 103.

*Exceptions overruled.*