MARGARET PHILLIPS, Respondent, *v.* BUFFALO GENERAL HOSPITAL, Appellant.

Fourth Department, January 9, 1924.

Corporations — charitable corporations — action to recover for injuries suffered by plaintiff while pay patient in defendant's hospital — defendant is charitable corporation — plaintiff while unconscious was burned by hot water bottle negligently put in her bed by orderly — defendant is not liable.

The defendant, a charitable corporation maintaining a hospital, is not liable to the plaintiff, a pay patient, who was burned by a hot water bottle which an orderly negligently placed in her bed while she was unconscious.

APPEAL by the defendant, Buffalo General Hospital, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 16th day of April, 1923, upon the verdict of a jury for $750.

*Donovan & Goodyear* [*Frank G. Raichle* of counsel], for the appellant.

*White & Rugg* [*Ford White* of counsel], for the respondent.

HUBBS, P. J.:

After much discussion the law has been settled in this State that a charitable corporation is not totally exempt from liability for the negligent acts of its employees committed within the line of their employment. It is equally well settled that a hospital maintained as a charitable institution is exempt from liability for the negligent acts of physicians and nurses in the treatment of patients. Such exemption from liability has finally been placed squarely upon the ground that the patient, upon becoming an inmate of such charitable institution, waives all claims of liability growing out of the negligent acts of physicians and nurses which occur during treatment. This is true even though the patient injured by the negligent act of a physician or nurse is a paying patient. " Such a payment is regarded as a contribution to the income of the hospital to be devoted, like its other funds, to the maintenance of the charity." (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Hordern* v. *Salvation Army*, 199 id. 233.)

The plaintff in this case was a paying patient. The defendant is a charitable corporation maintaining a hospital. The plaintiff, while being treated, was burned by a hot water bottle negligently placed in the bed with her by an orderly while she was unconscious.

It is conceded that the defendant would not be liable in an action for negligence if the hot water bottle had been placed in the bed by the nurse in charge of the case. A recovery has been permitted, however, upon the theory that the orderly was a servant of the defendant occupying the same relation to it as a superintendent or assistant superintendent, and that for his negligent act the defendant is responsible under the doctrine of *respondeat superior*.

It is urged that certain statements in the opinion in *Schloendorff* v. *New York Hospital* (*supra*) justify such holding. We do not so understand the holding in that case. It is true that the defendant might be held liable for the negligent act of one of its servants, committed within the scope of his employment, which resulted in an injury to a third person not a beneficiary of its charity. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Green* v. *Cornell University*, 193 App. Div. 924; affd., 233 N. Y. 519.)

To hold, however, that the plaintiff, upon becoming a patient in the defendant's hospital, impliedly waived all right of action for damages growing out of injuries which might be caused by negligent acts of a nurse, but did not waive such rights of action if the injury should be caused by an orderly, seems illogical and unjustified. There is no reasonable basis for such distinction.

In *Schloendorff* v. *New York Hospital* (*supra*) it was charged that a surgeon performed an operation upon the plaintiff while unconscious against her express orders. The court held that such an act was a trespass, and that in performing it the surgeon and nurse were not servants of the hospital in the sense that the administrative officers, like the superintendent, assistant superintendent and orderlies, were. The opinion does not state or imply that a patient upon entering a hospital maintained as a charitable institution does not waive all claims for damages growing out of the negligent acts of an orderly performed in the course of the treatment of a patient.

In the case of *Hamburger* v. *Cornell University* (204 App. Div. 664), Mr. Justice HINMAN, writing for a majority of the comrt quoted from *Roosen* v. *Peter Bent Brigham Hospital* (234 Mass. 66; 14 A. L. R. 563) as follows: " If a hospital is to be held responsible for negligent treatment of patients, there seems to us to be no sound ground for a distinction between the negligence of the managers of the hospital and the negligence of subordinats servants as a basis of liability. A sound ground for distinction between exoneration from liability for the negligence of managers and that of subordinate agents seems equally wanting. Since it is settled that there is no liability for negligence of the latter, it must follow

that there is none for that of the former." With that statement we are in accord.

The judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.